UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH DENNIS BROWN,

        Plaintiff,        Case No. 1:15-cv-946

v.        Honorable Gordon J. Quist

MICHAEL J. KLAEREN et al.,

        Defendants.

**ORDER OF TRANSFER**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Bellamy Creek Correctional Facility, but the events giving rise to his complaint occurred in Jackson County. Plaintiff sues Jackson County District Judge Michael J. Klaeren, Jackson County Circuit Judge Thomas D. Wilson, the Jackson County Jail and an unknown party employed at the Jackson County Jail named as "John Doe." Plaintiff's complaint concerns his arrest on a parole violation and subsequent conviction for possession of cocaine.

        Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's action occurred in Jackson County. Jackson County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). Defendants are public officials serving in Jackson County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). In these circumstances, venue is proper only in the Eastern District. Therefore:

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH DENNIS BROWN,

    Plaintiff,    Case No. 1:15-cv-946

v.    Honorable Gordon J. Quist

MICHAEL J. KLAEREN et al.,

    Defendants.

**ORDER OF TRANSFER**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Bellamy Creek Correctional Facility, but the events giving rise to his complaint occurred in Jackson County. Plaintiff sues Jackson County District Judge Michael J. Klaeren, Jackson County Circuit Judge Thomas D. Wilson, the Jackson County Jail and an unknown party employed at the Jackson County Jail named as "John Doe." Plaintiff's complaint concerns his arrest on a parole violation and subsequent conviction for possession of cocaine.

    Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's action occurred in Jackson County. Jackson County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). Defendants are public officials serving in Jackson County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). In these circumstances, venue is proper only in the Eastern District. Therefore:

IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). **It is noted that this Court has not reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

IT IS SO ORDERED.


Dated: October 15, 2015                     /s/ Ray Kent
                                            RAY KENT
                                            United States Magistrate Judge