UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH DENNIS BROWN

    *Plaintiff*,

CASE NO. 15-13674

v.

DISTRICT JUDGE JUDITH E. LEVY
MAGISTRATE JUDGE PATRICIA T. MORRIS

JACKSON COUNTY JAIL
and JOHN DOE,

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)

### I.   RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Plaintiff's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted.

### II.   REPORT

    A.   Introduction

On September 18, 2015, Plaintiff Keith Brown, a prisoner currently held at the G. Robert Cotton Correctional Facility[1], filed the instant *pro se* complaint with the United States District Court for the Western District of Michigan. (Doc. 1). On October 19, 2015, the complaint was transferred to the United States District Court for the Eastern District of Michigan, the appropriate venue. (Docs. 1, 4). An application to proceed *in forma pauperis* was also filed on that date, and granted by District Judge Levy. (Docs. 2, 3). This case was

---

[1] *See* Michigan Department of Corrections Offender Tracking Information System, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=190616, Last accessed 3/3/2016.

referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) for pretrial case management on March 3, 2016. (Doc. 13). Upon screening Brown's complaint, I conclude that it is ripe for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915.

### B. Screening Procedure and Standards

In enacting the original IFP statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a

complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action, it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### C. Discussion

Brown's complaint is in essence a summary of his arrest and arraignment process. The allegations in his complaint, in full, read as follows:

> Arrested on parole violation for not reporting. Police seen me going to a house when I came out of the house Officer Styles was in the back, Officer Garcia in the front, Officer Garcia then picked up 2 bags of cocaine off of the ground. I was arrested and taken to jail wich [sic] at no point did either officer test the 2 bags of crack cocaine 2.6 grams Parole officer (Grahm Allen) came to County Jail to serve me papers on March 21, 2014 to prison for violation on 05/22/14 my parole was reinstated to Kalamazoo Rehabe [sic] where I caused a disterbence [sic] that's when police told me I had a warrant. In August 2014, on the 13th of Aug Jackson police came to get me. I wasn't arrianed [sic] until Aug 28th 2014 past 72 hours for a crime I was never chared [sic] for, or interviewed for Ms. Anna Grant was wondering why and what took so long to issue a warrant and violated my rights past the 72 hours looking to be case dismissed, and compensated, I was promised probation and jail time after 6 month already been in jail which I did not receive credit for. Now I sit in prison. I would like to be compensated and case dropped, and removed from record.

(Docs. 1, 12). Brown does not allege that he was convicted or sentenced in a manner that violated his constitutional rights. Brown's only cognizable claims are that he was: 1) held for more than seventy-two hours before being arraigned; and 2) held without being charged with a crime.

The Supreme Court has found that a detaining a person arrested *without a warrant* for more than forty-eight hours is presumptively unreasonable under the Fourth Amendment, as is detaining an arrestee for reasons of ill will, or "delay for delay's sake." *See Cty. of Riverside v.*

3

*McLaughlin*, 500 U.S. 44, 56 (1991). "On the other hand, if the defendant is held on a valid warrant, he 'is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial.'" *Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003) (quoting *Baker v. McCollan*, 443 U.S. 137, 143, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

In this case, Brown himself recognizes that he was "told . . . [he] had a warrant," and was arraigned on August 28, 2014. (Doc. 1). Brown's alleged detention for seventy-two hours therefore does not implicate his Fourth Amendment rights as discussed in *Riverside*, 500 U.S. at 56. Brown's assertion that he was not charged with a crime is similarly belied by his own allegations, given that he admits he was arraigned on August 28, 2014. (Doc. 1). Because both of Brown's cognizable claims are self-defeating, he fails to state a claim upon which relief can be granted, and *sua sponte* dismissal of his complaint is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.     Conclusion

For the above reasons, **IT IS RECOMMENDED** that Brown's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a

waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(2)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 9, 2016                              S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge

5

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Keith Dennis Brown #190616 at Bellamy Creek (MSP), Bellamy Creek Correctional Facility, 1727 W. Bluewater Highway, Ionia, MI 48846.

Date: March 9, 2016                           By <u>s/Kristen Krawczyk</u>
                                                     Case Manager to Magistrate Judge Morris