## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Keith Dennis Brown,

                Plaintiff,       Case No. 15-cv-13674
                                       Hon. Judith E. Levy
v.                              Mag. Judge Patricia T. Morris

Jackson County Jail and John Doe,

                Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE MORRIS' REPORT AND RECOMMENDATION [14] TO *SUA SPONTE* DISMISS <u>PLAINTIFF'S COMPLAINT</u>

Before the Court is Magistrate Judge Morris's Report and Recommendation recommending the Court *sua sponte* dismiss plaintiff's *pro se* complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), issued March 9, 2016.  (Dkt. 14.)

Defendants timely filed a single objection to the Report and Recommendation on March 14, 2016.  (Dkt. 15.)  In her Report and Recommendation, Judge Morris cited plaintiff's allegation that he was held for more than seventy-two hours before being arraigned, after

having been arrested pursuant to a warrant.  (Dkt. 14 at 3 (citing Dkts. 1, 12).)   Defendants seek to have the Report and Recommendation amended to reflect that plaintiff was arraigned the same day he was arrested, based on evidence provided with defendants' answer.  (Dkt. 15 at 1-2 (citing Dkt. 12-1).)

Judge Morris screened plaintiff's complaint for failure to state a claim upon which relief could be granted, to which courts must apply the standard governing motions to dismiss.  When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir.2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

A pro se complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted). However, at the motion to dismiss stage, the Court may not consider matters outside the pleadings without converting the motion to one for summary judgment under Fed. R. Civ. P. 56, at which point all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.  Fed. R. Civ. P.  12(d).

Judge Morris directly quoted plaintiff's version of the facts as pleaded in determining whether he stated a claim for relief.  She could not consider the evidence of defendants' booking records provided with their answer while screening a complaint under the Rule 12(b)(6) standard.  Accordingly, the Court will not amend Judge Morris' Report and Recommendation to contain facts based on evidence outside of plaintiff's complaint, as doing so would not only be improper, but would require the Court to wholly abandon the Report and Recommendation to include evidence that does not affect whether plaintiff properly stated a plausible claim for relief.

Accordingly, and on review of the Report and Recommendation,

The Report and Recommendation (Dkt. 14) is ADOPTED; and

Plaintiff's complaint is DISMISSED.

IT IS SO ORDERED.

Dated: April 25, 2016                    s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                         United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 25, 2016.

                                         s/Felicia M. Moses
                                         FELICIA M. MOSES
                                         Case Manager